UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KEENAN A. DAVIS,

    Plaintiff,

    v.

KRISTIN J PYLE, SCOTT D. McCART,
THERESA L. SPRINGMANN, AND
LESLEY J. MILLER LOWERY,

    Defendants.

CAUSE NO.: 1:17-CV-465-WL-SLC

OPINION AND ORDER

Keenan A. Davis, a prisoner without a lawyer, filed an amended complaint against four federal defendants. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Claims for constitutional violations by federal officers may be actionable under the *Bivens* doctrine. *Ziglar v. Abbasi*, 582 U.S. \_\_, \_\_; 137 S. Ct. 1843, 1860 (2017).

Davis raises two groups of claims: claims related to his arrest by federal officials and claims related to his treatment in the Allen County Jail. Davis does not explain how any of the four defendants were personally involved with the events at the jail. Though Davis alleges he told defendants about what happened at the jail, "a *Bivens* claim is

brought against the individual official for his or her own acts, not the acts of others." *Id*. Therefore the complaint does not state a claim against any of these four defendants based on events which occurred at the Allen County Jail.

Davis alleges Assistant United States Attorney Lesley J. Miller Lowery issued a warrant for his arrest. This is not true. The warrant for his arrest was issued on August 24, 2016, by the Clerk of Court pursuant to the Indictment handed down against him by a Grand Jury earlier the same day. *United States v. Davis*, 1:16-CR-55 (N.D. Ind. filed August 24, 2016), ECF 4.

Davis alleges ATF Resident Agent in Charge Scott D. McCart sent officers to arrest him. This does not state a claim. Davis had been indicted and a warrant issued for his arrest. Therefore it does not state a claim to allege McCart sent officers to arrest him.

Davis alleges ATF Agent Kristin J. Pyle illegally searched his home where she seized his chinchillas and rabbits on August 30, 2016. Though there was a warrant for his arrest (*id*.) and a search warrant for his house (1:16-MJ-111), neither authorized searching for, nor seizing, rodents. Therefore these allegations state claim for an illegal search and seizure in violation of the Fourth Amendment which is actionable pursuant to *Bivens*.

Finally, Davis alleges he was convicted of being a felon in possession of a firearm because ATF Agent Kristin J. Pyle falsely claimed he possessed a gun which was not his. However, in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court explained that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Here, Davis' conviction is still valid and a finding that he did not possess the gun would undermine the validity of his conviction. Therefore this claim must be dismissed without prejudice because it is not yet ripe.

For these reasons, the court:

(1) GRANTS Keenan A. Davis leave to proceed against Kristin J. Pyle in her individual capacity for compensatory damages for unlawfully seizing his chinchillas and rabbits on August 30, 2016, in violation of the Fourth Amendment;

(2) DISMISSES WITHOUT PREJUDICE the claim that Kristin J. Pyle fraudulently attributed possession of a gun to Keenen Davis which resulted in his conviction as a felon in possession of a firearm in *United States v. Davis*, 1:16-CR-55 (N.D. Ind. filed August 24, 2016);

(3) DISMISSES WITH PREJUDICE all other claims;

(4) DISMISSES Scott D. McCart, Theresa L. Springmann, and Lesley J. Miller Lowery;

(5) DIRECTS the clerk to transmit a copy of this order and the amended complaint (ECF 4) with a Summons and USM-285 to the United States Marshals Service;

(6) DIRECTS the United States Marshals Service to serve Kristin J. Pyle at the Fort Wayne office of the Bureau of Alcohol Tobacco and Firearms (or wherever else she may be found) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Kristin J. Pyle respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 6, 2018.

s/William C. Lee
JUDGE WILLIAM C. Lee
UNITED STATES DISTRICT COURT