UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEENAN A. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NUMBER: 1:17 CV 00465 |
| KRISTIN J. PYLE, et al. | ) ) ) |
| Defendants. | ) ) ) |

## OPINION AND ORDER

*Pro se* plaintiff, Keenan A. Davis, ("Davis") claims that during the execution of an arrest warrant on federal firearm charges, ATF Special Agent Kristin J. Pyle ("Agent Pyle") improperly seized his chinchillas and rabbits in violation of the Fourth Amendment.[1] Before the Court is Agent Pyle's motion for summary judgment. [DE 38]. For the following reasons, the Motion for Summary Judgment will be GRANTED.

## APPLICABLE STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a). The movant bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of designated evidence that demonstrate the absence of a genuine issue of material fact. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party must set forth specific

---

[1] Davis also sued a federal judge, a federal prosecutor, and a supervisory Special Agent at the Fort Wayne Field Office of the Bureau of Alcohol, Tobacco, and Firearms and Explosives. All of these defendants have been dismissed from the suit, and Agent Pyle is the sole remaining defendant.

1

facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (quotation marks and citation omitted).

A factual issue is material only if resolving the factual issue might change the outcome of the case under the governing law. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 248. In deciding a motion for summary judgment, the court "may not 'assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence.'" *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 808 (N.D. Ill. 2010) (quoting *Stokes v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010)). Instead, it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. *See Anderson*, 477 U.S. at 255. Mindful of these standards, the Court turns now to the facts of the case.

## FACTUAL BACKGROUND

On August 24, 2016, a federal grand jury in Fort Wayne, Indiana returned a single count indictment against Davis charging him with a violation of 18 U.S.C. §922(g)(1), felon in possession of firearm. (Declaration of Agent Pyle, at ¶2, hereafter, "Pyle Dec. at ___"). Pursuant to that indictment, the United States District Court for the Northern District of Indiana issued an arrest warrant for Davis. *Id.* On August 30, 2016, Agent Pyle, along with other special agents, task force officers from the ATF and law enforcement officers from the Fort Wayne Police Department, executed the arrest warrant at his primary residence located at 2307 North Clinton Street, Fort Wayne, IN ("Clinton Street House") *Id.* at ¶3. During her investigation, Agent Pyle

identified four residents of the Clinton Street House. At the time the search warrant was executed, however, six individuals were present inside the Clinton Street House.

In the course of executing the arrest warrant, a firearm and ammunition were seen in plain view inside the Clinton Street House. Additionally, drugs, drug paraphernalia, and a bag with a large amount of cash were found. *Id.* at ¶4. As a result, Agent Pyle applied for and obtained a search warrant for the Clinton Street House. The search warrant for the residence was filed with the Court at 10:39 a.m. on August 30, 2016. Agent Pyle and the other agents and law enforcement agencies present then executed the search warrant at the Clinton Street House. *Id.* at ¶5.

During the execution of the search warrant for the Clinton Street House, Agent Pyle noticed four chinchillas inside the house that appeared to her not well cared for, including some that had lost their fur. *Id.* at ¶6. Agent Pyle was further advised by other agents that there were rabbits in a hutch outside. *Id.* Given the presence of these animals on the premises, Agent Pyle recommended to local law enforcement officers that animal control officials be contacted and notified of the animals' presence. *Id.* At no time did Agent Pyle make any recommendations regarding the animals nor did she recommend that the animals be removed from the house and taken into protective custody. *Id.*

When Agent Pyle left the Clinton Street House following execution of both the arrest and search warrants, local animal control officials had not arrived at the Clinton Street House and all the chinchillas and rabbits remained at the Clinton Street House. *Id.* at ¶7. Agent Pyle has no first hand knowledge of what happened to the chinchillas and rabbits at the Clinton Street House. *Id.*

Subsequently, Davis filed the present action *Bivens*[2] action asserting constitutional claims against the federal officers/agencies, the federal judge and the federal prosecutor in his criminal case. Because Davis was a prisoner at the time he filed his Amended Complaint, his filing underwent the scrutiny for prisoner filings required by 28 U.S.C. §1915A. Pursuant to that screening, the Court dismissed all of Davis's claims and parties except for his assertion that Agent Pyle violated his Fourth Amendment rights by seizing his chinchillas and rabbits. Specifically, with regard to Agent Pyle, the allegations of the Amended Complaint read as follows: "Scott D. McCart head of Ft. Wayne Field Office sent officers Kristin J. Pyle … and they searched our home and seize [sic] our chinchillas animals and rabbits." [DE 4, at 3, ¶1].

## **DISCUSSION**

To state a prima facie *Bivens* claim, the Court applies the same elements as it would if the claim was brought pursuant to 42 U.S.C. §1983. Indeed, "actions under [42 U.S.C.] §1983 and those under … *Bivens v. Six Unknown Named* Agents, 403 U.S. 388 (1971), are identical save for the replacement of a state actor (§1983) by a federal actor (Bivens)." *Bieneman v. Chicago,* 864 F.2d 463, 469 (7th Cir. 1988). To avoid summary judgment then, Davis must raise a genuine issue of material fact that (1) Pyle violated his Fourth Amendment rights; (2) the right was clearly established; (3) Pyle was a federal actor by virtue of acting under color of federal law, and (4) Pyle was personally involved in the alleged violation. *See Tom Beu Xiong v. Fischer*, 787 F.3d 389, 397 (7th Cir. 2015) (elements 1, 2, and 3); *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) (element 4). Moreover, when a plaintiff brings an action for money damages against a federal official in his individual capacity, the official may be entitled to qualified immunity insofar as their

---

[2] In *Bivens,* the Supreme Court recognized an implied private action akin to 42 U.S.C. §1983 for damages against federal officers who were alleged to have violated the plaintiff's constitutional rights against unreasonable search and seizure under the Fourth Amendment. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389–91 (1971).

4

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Here, Agent Pyle's motion for summary judgment focuses first on two substantive elements of Davis's claim. First, she asserts that Davis has not produced any evidence that she personally participated in the seizure of the animals from the Clinton Street House. Alternatively, she argues that Davis has not set out facts from which the Court can infer that she violated any of his constitutional rights. Finally, she asserts that summary judgment is appropriate because she is entitled to qualified immunity.

To support her position, Agent Pyle points to her statement in her declaration that her sole involvement with the animals was to advise local law enforcement to contact local animal control officials regarding the animals located at the Clinton Street House. Additionally, she points out that when she left the Clinton Street House, the animals were still on the premises and she has no knowledge of what, if anything, happened with the animals. Thus, she argues that she was not personally involved with the actual seizure of the animals.

Davis's response to the motion does not shed any further light on any of the factual or legal issues presented above. Rather, Davis simply reiterates the basic premise of his Amended Complaint that Agent Pyle seized the animals. Aside from this bare allegation in his Amended Complaint and in his response brief, Davis provides no factual evidence whatsoever to establish that Pyle was personally involved in the seizure of the animals on his property. Moreover, Davis has produced absolutely no evidence that Agent Pyle violated any constitutional right of Davis's. Agent Pyle was present at the Clinton Street House pursuant to a valid arrest warrant and, in the course of executing that warrant, sought and obtained a search warrant for the premises. There is

simply nothing in the factual record to suggest a Fourth Amendment violation.  Thus, Agent Pyle's Motion for Summary Judgment must be GRANTED.[3]

Davis's response, however, raises an additional issue.  In his response, Davis attempts to assert unlawful seizure claims with respect to other items, including money and property, that were inside the Clinton Street House.  This is the first time such claims have been asserted in this action.  However, it has long been held that a plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."  *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996).  For this reason, the Court has not considered Davis's assertions in his brief that other property was unlawfully seized from his residence.

## **CONCLUSION**

Based on the foregoing, the Defendant's Motion for Summary Judgment [DE 38] is GRANTED.  The Clerk is directed to enter judgment in favor of the Defendant.

Entered:  This 19th day of November.

s/ William C. Lee<br>
United States District Court

---

[3] The Court need not address Agent Pyle's alternative argument that she is entitled to qualified immunity.